Nelson **MARSHALL**, Plaintiff,

v.

John Hine **PONTIAC**, and Does 1–30 inclusive, Defendants.

No. 03CV1007IEG(POR).

United States District Court, S.D. California.

Sept. 17, 2003.

**1230**

Michael Anthony Conger, Law Offices of Michael A. Conger, Rancho Santa Fe, CA, for plaintiff.

Donna S. Beltran, Fisher and Phillips, San Diego, CA, for John Hine Pontiac.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

GONZALEZ, District Judge.

Presently before the Court is John Hine Pontiac's ("defendant") motion to compel arbitration and stay this action pending arbitration. For the reasons discussed below, the Court grants defendant's motion to compel arbitration of all claims and stays the action pending arbitration.

### BACKGROUND

For thirty-five years, Nelson Marshall ("plaintiff") was employed by defendant, a car dealership in San Diego, California. (*See* Compl. at ¶ 1). On October 31, 2002, however, defendant terminated plaintiff's employment. (*See id.*). Subsequent to his termination, plaintiff filed a complaint in California Superior Court stating causes of action for failure to pay overtime, age discrimination, wrongful termination in violation of public policy, and unfair business practices. On May 16, 2003 the action was removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

On May 27, 2003, defendant filed the present motion to compel arbitration and stay proceedings pursuant to the Federal Arbitration Act (the "FAA"). The arbitration agreement that defendant wishes to enforce was signed by plaintiff on July 22, 2000 and reads in relevant part:

> I agree that any claim, dispute and/or controversy ... which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Dealership ... arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by or other associations with the Dealership whether based on tort, contract, statutory or equitable law, or otherwise ... shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act... However, in addition to requirements imposed by law, any arbitrator herein shall be a retired California Superior Court Judge and shall be subject to disqualification on the same grounds as would apply to a judge of such court... Awards shall include the arbitrator's written reasoned opinion and, at either party's written request within 10 days after issuance of the award, shall be subject to affirmation, reversal or modification, following review of the record and arguments of the parties by a second arbitrator... I understand by agreeing to this voluntary arbitration provision, that I, and the Dealership give up our rights to trial by jury.

(*See* Stribling Decl. Ex. A). On June 30, 2003, plaintiff filed a timely opposition to the present motion arguing that the agreement could not be enforced because it was

unconscionable. Finally, on July 7, 2003 defendant filed its reply.

## DISCUSSION

### A. Applicable Law: Arbitration and Stay Pursuant to the FAA

■ The enforceability of arbitration agreements in contracts involving interstate commerce is governed by the FAA.[1] *See* 9 U.S.C. § 1, *et seq.; Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). The FAA provides that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof..., shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA represents a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (quoted by *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). Accordingly, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone*, 460 U.S. at 24, 103 S.Ct. 927 (quoted by *Gilmer*, 500 U.S. at 26, 111 S.Ct. 1647).

■ Additionally, the FAA provides that an agreement to arbitrate will take precedence over a suit in federal court involving the same subject matter. Indeed, the Supreme Court has held that where applicable, the FAA "leaves no

place for the exercise of discretion by a district court, but instead mandates that the district court shall direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). If a suit is proceeding in federal court, the party seeking arbitration may move the district court to compel the resisting party to submit to arbitration. *See* 9 U.S.C. § 4. A party to a lawsuit pending in federal court may also request that the action be stayed pending arbitration of the issues. *See* 9 U.S.C. § 3; *Wagner v. Stratton Oakmont, Inc.,* 83 F.3d 1046, 1048 (9th Cir. 1996).

■ Finally, the Supreme Court has held that "[g]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [the FAA]." *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681 at 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). When an attempt is made to invalidate an arbitration agreement, courts must "apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir.2003) (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). Both parties apparently agree that the agreement is governed by California law.

### B. Analysis

Plaintiff opposes defendant's current motion to compel arbitration solely on the grounds that the arbitration agreement is unconscionable. Accordingly, the Court must consult principles of California contract law in order to resolve this motion.

---

1. The parties do not dispute that the arbitration agreement involves interstate commerce and is governed by the FAA.

██ The California Supreme Court has articulated a two-pronged standard for determining whether a contract is void for unconscionability. *See Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000). The first prong addresses the "procedural" aspects of the contract's formation, focusing on "oppression or surprise due to unequal bargaining power." *Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1071, 130 Cal.Rptr.2d 892, 63 P.3d 979 (2003) (citing *Armendariz* at 114, 99 Cal.Rptr.2d 745, 6 P.3d 669). The second prong concerns the "substantive" aspects of an arbitration agreement and looks to "overly harsh or one-sided results." *Id.* Finally, the Ninth Circuit observed in *Ingle* that the two prongs of the unconscionability doctrine operate as a "sliding scale" in that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Ingle*, 328 F.3d at 1171.

██ Although the Court would normally examine both prongs of plaintiff's unconscionability argument and then proceed to weigh the two, that exercise is unnecessary in this instance because the result here is dictated entirely by the California Supreme Court's decision in *Little*. The plaintiff in *Little*, like plaintiff here, sued his former employer, an auto dealership, for claims arising out of his termination. The dealership, in turn, sought to enforce an arbitration agreement signed by the plaintiff/employee. The arbitration agreement in *Little* read as follows:

I agree that any claim, dispute and/or controversy ... which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the *Company* ... arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by or other associations with the *Company* whether based on tort, contract, statutory or equitable law, or otherwise ... shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act... However, in addition to requirements imposed by law, any arbitrator herein shall be a retired California Superior Court Judge and shall be subject to disqualification on the same grounds as would apply to a judge of such court... Awards *exceeding $50,000.00* shall include the arbitrator's written reasoned opinion and, at either party's written request within *20* days after issuance of the award, shall be subject to reversal *and remand,* modification, or *reduction* following review of the record and arguments of the parties by a second arbitrator... I understand by agreeing to this binding arbitration provision, both I and the *Company* give up our rights to trial by jury.

*See Little*, 29 Cal.4th at 1069–1070, 130 Cal.Rptr.2d 892, 63 P.3d 979. As is readily apparent, aside from the underlined portions and minor grammatical discrepancies, the agreement at issue in this case is an exact replica of the one in *Little*. Consequently, the proper resolution of plaintiff's unconscionability argument lies in the analysis and outcome of *Little*.

After making a finding of procedural unfairness due to the adhesive nature of the arbitration agreement in the employment context, the *Little* court moved on to the substantive prong of the unconscionability test. *See Little*, 29 Cal.4th at 1071, 130 Cal.Rptr.2d 892, 63 P.3d 979. In *Little*, the court found that shielding an award from review unless it exceeded 50,000 dollars made the agreement unconscionable. *Id.* at 1074, 130 Cal.Rptr.2d 892, 63 P.3d

979. In reaching its conclusion, the California Supreme Court was persuaded by the analysis in *Saika v. Gold,* 49 Cal. App.4th 1074, 56 Cal.Rptr.2d 922 (1996). There, the Appeals Court held that a similar provision was nothing more than a disguised advantage for the financially stronger party. Specifically, the *Saika* court noted that "[t]he odds that an award will *both* (a) clear the $25,000 threshold but (b) *still* be so low that the [employee] would *want* to have a trial de novo are so small as to be negligible." *Saika,* 49 Cal. App.4th at 1080, 56 Cal.Rptr.2d 922 (emphasis in original).

Of course, a quick purview of the arbitration clause in this case reveals no such monetary threshold that must be met before either party may seek review by a second arbitrator. Rather, the agreement provides that *all* awards are subject to review. (*See* Stribling Decl., Ex. A). Nevertheless, plaintiff argues that the mere fact that the original arbitration award is appealable militates towards a finding of unconscionability. This conclusion is not supported by the reasoning in *Little.* Both *Little* and *Saika* held that the *dollar amount threshold* for appealing an arbitration award, not the right to appeal itself, was unconscionable. Both courts focused on the idea that the true purpose of the dollar amount threshold was to allow large judgments against the employer to be appealed, and to take away the ability to appeal if a small amount was awarded. The arbitration agreement in this case, however, does not suffer from the same defect. Rather, any and all judgments, regardless of the prevailing party or the dollar amount of the judgment, are subject to appeal by either side. Unlike the agreements in *Saika* and *Little,* here there is no aspect of one-sidedness to the appeal provision in the arbitration agreement. Plaintiff's argument that the appealability provision is unconscionable must therefore fail.

Significantly, the *Little* court went on to hold that the 50,000 dollar threshold to appealing an award was the *only* provision in the arbitration agreement that was unconscionable. *See Little,* 29 Cal.4th at 1075, 130 Cal.Rptr.2d 892, 63 P.3d 979 ("There is only a single provision that is unconscionable, the one-sided arbitration appeal."). In a footnote, the *Little* court addressed an argument that the arbitration agreement was unconscionable because it lacked mutuality, the principle argument relied on by plaintiff in this case. Plaintiff specifically argues that the arbitration agreement would be construed to apply only to his claims against defendant, and not vice versa. Again, the outcome is dictated by *Little.* In response to an identical argument of non-mutuality, regarding an identical arbitration agreement, the court in *Little* reasoned as follows:

> "[U]nlike the agreement in *Armendariz,* which explicitly limited the scope of the arbitration agreement to wrongful termination claims and therefore implicitly excluded the employer's claims against the employee, the arbitration agreement in the present case contained no such limitation, instead applying to 'any claim, dispute, or controversy ... between the employee and the Company.'"

*Little,* 29 Cal.4th at 1075, n. 1, 130 Cal. Rptr.2d 892, 63 P.3d 979 (internal citations omitted). The language relied on in *Little* is present, verbatim, in the arbitration agreement in this case. Therefore, plaintiff's argument that the arbitration agreement is unconscionable for lack of mutuality must also be rejected.

The final argument regarding substantive unconscionability that plaintiff raises was not specifically addressed in *Little,* but is similarly unpersuasive. Plaintiff cites to *Armendariz* for the proposition that "the arbitration agreement or arbitra-

tion process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to pursue the action in court." *Armendariz,* 24 Cal.4th at 110–111, 99 Cal.Rptr.2d 745, 6 P.3d 669. Next, plaintiff points to the fact that the arbitration agreement states that it is subject to the California Arbitration Act. Section 1284.2 of that act provides that "[u]nless the arbitration agreement otherwise provides ... each party ... shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration." California Code of Civil Procedure § 1284.2. Consequently, plaintiff argues, *Armendariz* dictates that the arbitration agreement is unconscionable because it imposes some of the costs of arbitration on him, through its incorporation of the California Arbitration Act.

A closer examination of *Armendariz,* however, reveals that plaintiff's argument is misplaced. The cost rule set forth in *Armendariz* was established to prevent the employer from specifically forcing the employee/plaintiff to expend large sums of money in order to adjudicate non-waivable claims. *See Armendariz,* 24 Cal.4th at 111–113, 99 Cal.Rptr.2d 745, 6 P.3d 669. Importantly, however, the *Armendariz* cost rule was a rule of contract construction, not contract invalidation. In other words, *Armendariz* construed the arbitration agreement in that case to impose the forum costs of arbitration on the employer in certain circumstances, and did not hold that the arbitration agreement was unconscionable on that ground. *See id.* at 113, 99 Cal.Rptr.2d 745, 6 P.3d 669 ("[W]e interpret the arbitration agreement in the present case as providing ... that the employer must bear the arbitration forum costs."). Thus, it may be that defendant will be required to bear certain costs associated with the arbitration proceedings. That, however, is a decision for the arbi-

trator and not for this Court, whose only duty is to determine whether the arbitration agreement is enforceable.

The enforceability issue as it relates to cost provisions was addressed in *Armendariz* itself. There, the court held that "[t]he absence of specific provisions on arbitration costs would therefore *not* be grounds for denying the enforcement of an arbitration agreement." *Id.* at 113, 99 Cal. Rptr.2d 745, 6 P.3d 669 (emphasis added). Here, as in *Armendariz,* the arbitration agreement makes no specific mention of the costs that each party must bear, and only incorporates provisions of the California Arbitration Act. *See id.* at 92, 99 Cal. Rptr.2d 745, 6 P.3d 669. Therefore, the issue of which costs plaintiff and defendant will be required to bear in the arbitration process is a matter of contract construction, and not a ground for invalidating the contract. Plaintiff's argument to the contrary is invalid as explained by the very case to which he cites.

In sum, plaintiff's unconscionability attacks on the arbitration agreement cannot be accepted. When plaintiff's argument regarding costs is properly construed as one of contract interpretation and not unconscionability, the California Supreme Court's decision in *Little* is clearly binding, and dictates that the arbitration agreement is not void for unconscionability. Thus, based on the provisions of the FAA, defendant's motion must be granted.

## CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** defendant's motion to compel arbitration of all claims in the complaint and to stay these proceedings. Consequently, the Court hereby **STAYS** this action in its entirety pending arbitration. Defendant shall initiate arbitration proceedings no later than thirty (30) days from the date file stamped on

this Order. The parties shall advise the Court telephonically regarding the status of the arbitration on Monday, November 24, 2003 at 11:30 a.m.

**IT IS SO ORDERED.**